Harper, Ch.
I cannot perceive any ground, upon which the executors can be held intitled to commissions in this case. The Act of Assembly gives commissions on all sums received, and paid away, by the executors. P. L. 495. How money raised by a sale made by an officer of the Court, and, if considered paid at all, paid by the officer, can be money received, or paid, by the executors, it is difficult to imagine. It is true, that in the case of Gist v. Gist, 2 M’C. Ch. 473, the Court allowed commissions on bonds taken by the executors, and delivered to distributees. This was a liberal, but a just construction. The parties agreed to take the bonds as money, and it was' in the power of the executors to have secured their commissions, by collecting the money, and paying it over. So in Deas v. Spann, Harp. Eq. 176, a similar decision had been previously made. In Gist v. Gist, the Court observes, that commissions are not given for the mere receiving, and paying away, but for all the risk and trouble incident to the office of an executor. Still •we must have some respect to the words of the act; and I cannot perceive how these moneys can be regarded in any shape, actually, or constructively, as having been received, ór paid away, by the executors. Money raised by a sale under execution at a sheriff’s sale, would stand on the same footing. The executors may have had extraordinary trouble, more than in paying away a much larger sum ; but if this be so, the law has pointed out a different mode of obtaining compensation. See act of 1745, sec. 12, P. L. 202.
On an appeal by the defendants, this decree was affirmed by the Court of Appeals, for the reasons stated in it.
Decree affirmed.